**WO**                                NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Hayford, | No. CV-16-04480-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Nationstar Mortgage LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Extension of Time (Doc. 25), which Plaintiff states Defendants oppose. Defendant Nationstar Mortgage, LLC ("Nationstar") filed a Response in Opposition (Doc. 26).

On January 18, 2017, Nationstar filed a Motion to Dismiss, Strike Collective Action Claims, and Compel Arbitration, or in the Alternative to Stay Proceedings (Doc. 12) based on an arbitration agreement Plaintiff allegedly entered into with Nationstar. Although Plaintiff's response was due on February 6, 2017, Plaintiff filed no response. More than two weeks later, Plaintiff filed the present Motion for Extension of Time, asking for an extension until March 16, 2017 to respond to Nationstar's Motion to Dismiss because "Plaintiff's counsel have been involved in other matters and have not had sufficient time to prepare Plaintiff's response." (Doc. 25 at 2.)

Plaintiff filed her Motion for Extension of Time several weeks after her response to Nationstar's Motion to Dismiss was due. Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may only grant the extension on a showing of excusable neglect,

evaluating (1) the reason for the delay, (2) the length of the delay and its potential impact on judicial proceedings, (3) whether Plaintiff acted in good faith, and (4) the danger of prejudice to Nationstar. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In her Motion for Extension of Time, Plaintiff fails to address these factors other than to say that her counsel has been busy. Plaintiff brought this lawsuit, and involvement by Plaintiff's counsel in other matters is not good cause not to prosecute it, let alone excusable neglect. *See, e.g., Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) ("We do not consider the fact that an attorney is busy on other matters to fall into the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."); *Davis v. Johnson*, No. CV F 03-5935 LJO SMS, 2007 WL 1834846, at *2-3 (E.D. Cal. June 26, 2007).

Because Plaintiff fails to show excusable neglect for her tardiness, the Court must deny Plaintiff's Motion for Extension of Time as to her response to Nationstar's Motion to Dismiss. Under Local Rule 7.2(i), Nationstar will be entitled to summary disposition of its Motion to Dismiss, the practical effect of which will be arbitration of Plaintiff's claims pursuant to the arbitration agreement she entered into with Nationstar. The result of the Court's present ruling is thus not manifestly unjust to Plaintiff. The Court will address Nationstar's Motion to Dismiss in a separate Order.

On February 9, 2017, Defendant Aerotek, Inc. filed a Motion to Dismiss and Compel Individual Arbitration or, in the Alternative, Stay the Proceedings (Doc. 23) based on a separate arbitration agreement Plaintiff allegedly entered into with Aerotek. Instead of filing a response, Plaintiff filed the present Motion for Extension of Time. Under Rule 6(b)(1)(A), the Court may grant the extension for good cause. As stated above, however, a busy attorney does not constitute good cause for the requested delay. As a result, the Court will deny Plaintiff's Motion for Extension of Time as to her

response to Aerotek's Motion to Dismiss and require Plaintiff to file her response by March 3, 2017.

IT IS THEREFORE ORDERED denying Plaintiff's Motion for Extension of Time (Doc. 25). Plaintiff has missed the deadline to respond to Defendant Nationstar Mortgage, LLC's Motion to Dismiss. Plaintiff shall file a response to Defendant Aerotek, Inc.'s Motion to Dismiss (Doc. 23) by March 3, 2017.

Dated this 28th day of February, 2017.

Honorable John J. Tuchi
United States District Judge