1   **WO**                        NOT FOR PUBLICATION

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9   Terri Hayford,                          No. CV-16-04480-PHX-JJT

10              Plaintiff,                   **ORDER**

11  v.

12  Nationstar Mortgage LLC, *et al.*,

13              Defendants.

14

15          At issue is Defendant Nationstar Mortgage LLC's Motion to Dismiss, Strike

16  Collective Action Claims, and Compel Arbitration, or in the Alternative to Stay

17  Proceedings (Doc. 12, Mot.). Because Plaintiff did not file a response, Nationstar is

18  entitled to summary disposition of its Motion. LRCiv 7.2(i). That proposition is not

19  altogether straightforward here, so the Court will examine the requests Nationstar makes

20  in its Motion in more detail.

21          To resolve a motion to compel arbitration under the Federal Arbitration Act

22  ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court must determine (1) whether the parties

23  entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement

24  encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d

25  1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA

26  requires the court to enforce the arbitration agreement. *Id.* Section 1 of the FAA provides

27  that it does not apply to "contracts of employment" of any "workers engaged in foreign

28  or interstate commerce." 9 U.S.C. § 1.

In this action, Plaintiff brings a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against her former employer, Nationstar, and separately against another former employer, Defendant Aerotek Inc. (Doc. 1, Compl.) Plaintiff acknowledged receipt and accepted the terms of Nationstar's Arbitration Policy as a condition of her employment. (Doc. 12-1 Exs. 1, 2.) The Policy provides that Nationstar "and all of its employees agree to submit all disputes between them involving legally-protected or recognized rights to final and binding arbitration" pursuant to the terms of the Policy and the Rules of the Judicial Arbitration and Mediation Services ("JAMS"). (Doc. 12-1 Ex. 1.) The Policy specifically lists "claims for wages or other compensation due" as subject to final and binding arbitration. (Doc. 12-1 Ex. 1.) The Policy also explicitly states that it is not a contract of employment, express or implied. (Doc. 12-1 Ex. 1.)

The Court finds that the FAA applies to Plaintiff's claim against Nationstar and, because the Policy is not a contract of employment, Plaintiff is not exempt from arbitration under § 1 of the FAA. The Court also finds that the Policy is a valid arbitration agreement and encompasses the dispute over unpaid wages brought by Plaintiff. As a result, under the FAA, the Court must enforce the Policy and compel arbitration of Plaintiff's claim against Nationstar pursuant to the Policy's terms.

Nationstar also asks the Court to strike Plaintiff's collective action claim in this lawsuit because the Policy contains a prohibition on "joinder of parties" without the consent of all parties to an arbitration proceeding and Nationstar does not consent to joinder or collective arbitration. (Mot. at 8.) However, Nationstar raises the possibility that the Policy's collective arbitration provision may be invalid under certain case law. (Mot. at 10-12.)

In an arbitration agreement, the parties can agree to delegate to an arbitrator any question as to the enforceability of the arbitration agreement, and thus the question of arbitrability itself can be arbitrated. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("The delegation provision is an agreement to arbitrate threshold issues

concerning the arbitration agreement. We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.") Under the terms of the Policy, the arbitrator will have the power to determine the validity and enforceability of an arbitration agreement before it. Specifically, the Policy provides that "all disputes" between Nationstar and its employees "involving legally-protected or recognized rights" are subject to final and binding arbitration under the JAMS Rules. (Doc. 12-1 Ex. 1.) JAMS Rule 8 states, "Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."

The Ninth Circuit has explicitly held that incorporation of arbitration rules such as the JAMS Rules in an arbitration agreement "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). This is in part because rules like the JAMS Rules include the provision identified above that the arbitrator has the power to rule on his or her own jurisdiction, including any objections with respect to the validity of the arbitration agreement.[1] *Id.*

Pursuant to the FAA, the Court must compel arbitration of Plaintiff's claim against Nationstar under the terms of the Policy. Should the parties have a question as to the validity of the Policy's collective arbitration provision, the parties agreed in the Policy that the arbitrator will have the power to resolve that question under the JAMS Rules.

---

[1] While *Brennan* addressed an agreement executed between "sophisticated" parties, the court stated that its holding "should not be interpreted to require that the contracting parties be sophisticated or that the contract be 'commercial'" before a court enforces a delegation provision. *Id.*; *see also Zenelaj v. Handybook, Inc.*, 82 F. Supp. 3d 968, 974 (N.D. Cal. 2015) ("[R]egardless of their sophistication, the Court finds that the Parties in this case clearly and unmistakably delegated the question of arbitrability to the arbitrator when they expressly incorporated [American Arbitration Association] Rules into their Agreement."); *Cayenne Med., Inc. v. MedShape, Inc.*, No. 2:14-CV-0451-HRH, 2015 WL 5363717, at *4 (D. Ariz. Sept. 15, 2015).

- 3 -

The Court will therefore deny Nationstar's request to strike Plaintiff's collective action claim in deference to the arbitrator.

Lastly, the Court in its discretion will stay, not dismiss, Plaintiff's claim against Nationstar in this lawsuit. Under § 3 of the FAA, "the Court is required to stay proceedings pending arbitration if the Court determines that the issues involved are referable to arbitration under a written arbitration agreement." *Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1211 (D. Ariz. 2007); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (stating the FAA requires courts to stay litigation of claims subject to arbitration pending the outcome of the arbitration of those claims under the terms of the arbitration agreement).

IT IS THEREFORE ORDERED granting in part and denying in part Defendant Nationstar Mortgage LLC's Motion to Dismiss, Strike Collective Action Claims, and Compel Arbitration, or in the Alternative to Stay Proceedings (Doc. 12) and compelling arbitration of Plaintiff's claim against Nationstar in this matter under the terms of the Arbitration Policy.

IT IS FURTHER ORDERED staying Plaintiff's claim against Nationstar in this matter pending a decision by the arbitrator. The parties shall file a joint status report within one week of the arbitrator's decision or by September 15, 2017, whichever is sooner.

Dated this 3rd day of March, 2017.

Honorable John J. Tuchi
United States District Judge