**WO**                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri Hayford,<br><br>        Plaintiff,<br><br>v.<br><br>Nationstar Mortgage LLC, *et al.*,<br><br>        Defendants. | No. CV-16-04480-PHX-JJT<br><br>**ORDER** |

    At issue is Defendant Aerotek Inc.'s Motion to Dismiss and Compel Individual Arbitration or, in the Alternative, Stay the Proceedings (Doc. 23, Mot.). Because Plaintiff did not file a response (*see* Doc. 27), Aerotek is entitled to summary disposition of its Motion. LRCiv 7.2(i). As with Defendant Nationstar Mortgage LLC's Motion to Dismiss and Compel Arbitration (*see* Doc. 28, Order), that proposition is not altogether straightforward here, so the Court will examine the requests Aerotek makes in its Motion in more detail.

    To resolve a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court must determine (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA requires the court to enforce the arbitration agreement. *Id.* Section 1 of the FAA provides

that it does not apply to "contracts of employment" of any "workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

In this action, Plaintiff brings a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against her former employers Aerotek and Nationstar. (Doc. 1, Compl.) Plaintiff acknowledged receipt and accepted the terms of Aerotek's Mutual Arbitration Agreement as a condition of her employment with Aerotek. (Doc. 23-1.) The Agreement provides that any "disputes, claims, complaints, or controversies" Plaintiff has against Aerotek "are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury." (Doc. 23-1.) The Agreement specifically lists "claims for wages, compensation, penalties or restitution" as subject to final and binding arbitration. (Doc. 23-1.) The Agreement also states that the parties will use the rules of Judicial Arbitration and Mediation Services ("JAMS") as their arbitration rules and procedures. (Doc. 23-1.)

The Court finds that the FAA applies to Plaintiff's claim against Aerotek and, because the Agreement is not a contract of employment, Plaintiff is not exempt from arbitration under § 1 of the FAA. The Court also finds that the Agreement is a valid arbitration agreement encompassing the dispute over unpaid wages brought by Plaintiff as an individual. As a result, under the FAA, the Court would enforce the Agreement and compel arbitration of Plaintiff's individual claim against Aerotek pursuant to the Agreement's terms.

In its Motion, Aerotek raises the possibility that the Agreement's collective arbitration provision may be invalid under certain case law and asks, as an alternative to compelling arbitration, that the Court stay this action pending resolution of the issue by the Supreme Court in a set of three cases for which it granted certiorari. (Mot. at 2 & n.1.) The parties' Agreement states that a "court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver." (Doc. 23-1.) Considering this provision of the parties' Agreement and in light of the fact that Plaintiff has failed to respond to either of

1  Defendants' Motions to Dismiss in this matter, the Court finds it in the interests of
2  judicial economy to stay Plaintiff's claims against Aerotek pending the Supreme Court's
3  resolution of the legal issue Aerotek presents.
4        IT IS THEREFORE ORDERED granting in part and denying in part Defendant Aerotek Inc.'s Motion to Dismiss and Compel Individual Arbitration or, in the Alternative, Stay the Proceedings (Doc. 23). The Court stays Plaintiff's claims against Aerotek pending the Supreme Court's resolution of the legal issue Aerotek presents. The parties shall file a joint status report within one week of the Supreme Court's disposition of the relevant cases before it or by March 30, 2018, whichever is sooner.

Dated this 16th day of March, 2017.

_____
Honorable John J. Tuchi
United States District Judge